**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Joyce Lyn Belin, | No. CV-20-08087-PCT-SMB |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Joyce Belin's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act (the "Act"). Plaintiff filed a Complaint, (Doc. 1), and an Opening Brief, (Doc. 18), seeking judicial review of that denial. Defendant SSA filed an Answering Brief, (Doc. 23), to which Plaintiff replied, (Doc. 24). The Court has reviewed the parties' briefs, the Administrative Record, (Doc. 15), and the Administrative Law Judge's ("ALJ's") decision, (Doc. 15-3 at 20–29), and will affirm the ALJ's decision for the reasons addressed herein.

**I. Background**

Plaintiff filed an Application for SSDI benefits on December 9, 2014, alleging a disability beginning on October 16, 2014. (*Id.* at 20.) Plaintiff's claim was initially denied on March 18, 2015. (*Id.*) A hearing was held before ALJ Paula Atchison on November 7, 2018. (*Id.*) Plaintiff's Application was again denied by the ALJ on December 20, 2018. (*Id.* at 29.) Thereafter, the Appeals Council denied Plaintiff's Request for Review of the

ALJ's decision—making it the final decision of the SSA Commissioner (the "Commissioner")—and this appeal followed. (Doc. 1 at 2; Doc. 23 at 2.)

Plaintiff alleges disability that began after an automobile accident, which resulted in significant injuries and ongoing limitations. (Doc. 18 at 3.) After considering the medical evidence and opinions, the ALJ determined that Plaintiff suffers from severe impairments including obesity, sleep apnea, left lower extremity radiculopathy, and peripheral neuropathy. (Doc. 15-3 at 22.) However, the ALJ concluded that despite these impairments, Plaintiff has the residual functional capacity to perform sedentary work. (*Id.* at 24.)

## II. Legal Standards

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III. Discussion

Plaintiff argues that the ALJ committed error in evaluating Plaintiff's symptom testimony and in weighing the medical opinion evidence. The Commissioner argues that the ALJ's opinion is free of harmful error. The Court has reviewed the medical record and agrees with the Commissioner for the following reasons.

### A. Plaintiff's Symptom Testimony

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding

pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)) (internal quotation marks omitted). Second, absent evidence of malingering, an ALJ may only discount a claimant's allegations for reasons that are "specific, clear and convincing" and supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

"[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings are insufficient. *Id.* "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." *Molina*, 674 F.3d at 1112. For instance, the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1040).

Plaintiff argues that the ALJ committed materially harmful error by rejecting Plaintiff's symptom testimony without specific, clear, and convincing reasons that were supported by substantial evidence in the record as a whole. (Doc. 18 at 9.) The Court disagrees. (*See* Doc. 15-3 at 23–27.) The ALJ acknowledged that Plaintiff had some severe impairments, (*id.* at 22–23), but found that there was "no opinion or other evidence" that Plaintiff's impairments met or equaled one of qualifying severity under 20 C.R.F. § 404, Subpart P, Appendix 1, (*id.* at 23). Moreover, the ALJ found Plaintiff had "the residual functional capacity to perform sedentary work." (*Id.* at 24.) The ALJ cited specific reasons such as Dr. Randall's recommendation that Plaintiff "get out of her chair, work and lose weight"; Dr. Mugo's recommendation that plaintiff keep walking as much as possible; and

Dr. Delange's report that Plaintiff had "full muscle strength in all her extremities." (*Id.* at 25.) For these and other clearly explained reasons, the ALJ found that Plaintiff was "not as limited as she allege[d]." (*Id.*)

Therefore, the ALJ provided specific, clear, and convincing reasons—supported by the record as a whole—for rejecting Plaintiff's symptom testimony. Consequently, the court finds that the ALJ committed no error.

### B.  Evaluation of Medical Testimony

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians; those who examined but did not treat the claimant are examining physicians; and those who neither examined, nor treated the claimant are non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who did not treat the claimant." *Id.* This is so because treating physicians have the advantage of in-person interaction and typically a longer history of treatment than a claimant's other doctors, and their "subjective judgments . . . . are important, and properly play a part in their medical evaluations." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting *Lester*, 81 F.3d at 830–31). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* An ALJ meets this standard by "setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Here, Plaintiff challenges the ALJ's assignment of "great weight" to the opinion of Dr. Keer—a state agency non-examining physician—because Dr. Keer did not examine

Plaintiff and reviewed Plaintiff's file more than two years before the ALJ's decision. (*See* Doc. 18 at 15, 19.) These arguments are unpersuasive.

As a legal matter, neither argument is dispositive. First, as explained above, an ALJ may rely on the opinion of a non-examining physician. *See Lester*, 81 F.3d at 830 (explaining that an ALJ may rely on a non-examining physician's testimony, even to reject that of an examining physician, when the ALJ's decision is supported by the record as a whole). Second, there is no time limit on the opinions of state agency physicians, and an ALJ may rely on them even if subsequent evidence enters the record. *See, e.g.*, *Owen v. Saul*, 808 F. App'x 421, 423 (9th Cir. 2020) ("[T]here is always some time lapse between a consultant's report and the ALJ hearing and decision, and the Social Security regulations impose no limit on such a gap in time."); *Jennings v. Saul*, 804 F. App'x 458, 462 (9th Cir. 2020) (same); *Garner v. Saul*, 805 F. App'x 455, 458 (9th Cir. 2020) (same).

Moreover, as a factual matter, Dr. Keer's opinion is supported by the record as a whole. (*See* Doc. 15-3 at 26.) For example, the ALJ found that Dr. Keer's opinion was consistent with that of Dr. Delange, who reported that Plaintiff had full muscle strength in all her extremities. (*Id.*) The ALJ also found it was consistent with medical evidence, such as x-rays that did not show any degenerative disease in Plaintiff's hip. (*Id.*) Additionally, the ALJ found it was consistent with Plaintiff's own testimony that, with medication, her pain was down to a four out of ten. (*Id.*)

Therefore, the Court finds that Dr. Keer's opinion was consistent with the record as a whole, and the ALJ did not error in affording great weight to the opinion of Dr. Keer.

**III. Conclusion**

Having found no error,

**IT IS ORDERED** affirming the December 20, 2019 decision of the ALJ, as upheld by the Appeals Council.

///

///

///

1 **IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 15th day of February, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge